IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAIL DYE,                                            CASE NO.:  8:18-cv-1456-SDM-CPT

    **Plaintiff,**

vs.

THE TRANSITION HOUSE, INC.,

    **Defendant.**
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, THE TRANSITION HOUSE, INC. ("Transition House" or "Defendant"), by and through its undersigned counsel, hereby files this Answer and Affirmative and Other Defenses in response to Plaintiff's, GAIL DYE ("Plaintiff"), Complaint and Jury Demand Trial ("Complaint").

Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted below.  Defendant's responses to each of the specifically numbered paragraphs of Plaintiff's Complaint are as follows:

1. Admit that Plaintiff is suing Defendant for failing to pay her overtime. Denied that Plaintiff is entitled to any recovery of any alleged damages and denied as to any remaining allegations in this paragraph.

2. Admit that that Plaintiff worked for Defendant from approximately February 23, 2015 through April 13, 2016.

Gail Dye v. Transition House
CASE NO.:  8:18-cv-1456-SDM-CPT

3. Admit that Plaintiff conducted work for Defendant based out of its facility located in Tarpon Springs, Florida.

4. Admit that the United States District Court, Middle District of Florida has jurisdiction over this matter, and that venue is proper in the Tampa Division.  Denied as to any remaining allegations.

5. Admit that Defendant was Plaintiff's employer from approximately February 23, 2015 through April 13, 2016 and that Defendant deducted payroll taxes.  To the extent there are any remaining allegations in this paragraph, without knowledge and therefore denied.

6. Admit that, among other things, Defendant operates work release programs.

7. This paragraph is vague and unclear and Defendant does not understand its allegations.  Therefore, denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Without knowledge, therefore denied.

13. Admit that in the years 2015 and 2016, the years which Plaintiff was employed with Defendant, Defendant had annual revenues over $500,000.00.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

Gail Dye v. Transition House
CASE NO.:  8:18-cv-1456-SDM-CPT

17. Denied.

18. Denied.

19. Denied.

20. Denied.

WHEREFORE clause: Defendant admits that Plaintiff seeks the relief set forth in the WHEREFORE clause, but denies that Plaintiff is entitled to any of the relief sought by Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.  Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses to the allegations in Plaintiff's Complaint.

## FIRST DEFENSE

Defendant contends that Plaintiff's claims are barred in their entirety by the statute of limitations.  Because Defendant's acts or omissions were not willful, every portion of Plaintiff's claims arising more than two years prior to the date upon which the Complaint was filed is barred by the statute of limitations.  If Defendant's acts or omissions are found to be willful, which Defendant expressly denies, every portion of Plaintiff's claims arising more than three years prior to the date upon which the Complaint was filed is barred by the statute of limitations. *See* 29 U.S.C.§ 255; and 29 U.S.C. § 256.

3

Gail Dye v. Transition House
CASE NO.:  8:18-cv-1456-SDM-CPT

## SECOND DEFENSE

Plaintiff is not entitled to relief as Defendant acted in good faith.  In 2016 Defendant conducted a self-audit and reported its findings to the Department of Labor ("DOL").  As part of this self-audit, Defendant determined that Plaintiff was owed $359.75 for unpaid overtime.  The DOL approved this amount.  Defendant offered Plaintiff the amount of $359.75 for unpaid overtime plus an equal amount for liquidated damages.  Plaintiff refused this amount.  Plaintiff did not provide Defendant with an additional amount that she believed she was owed and then waited an unreasonable amount of time, and more than two years after she last worked for Defendant, to file this lawsuit.

Further, if it is determined that Plaintiff's claims are not barred by the statute of limitations in their entirety and that Plaintiff is entitled to relief, which Defendant expressly denies, Plaintiff's claim should be limited to the amount that was approved by the DOL, and Plaintiff should be barred from seeking additional amounts.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted under the FLSA.

More specifically, but without limitation, the only allegation in Plaintiff's Complaint providing any specificity as to the alleged conduct that constitutes the basis for Plaintiff's FLSA lawsuit is contained in paragraph 18 of Plaintiff's Complaint, wherein Plaintiff alleges she regularly worked through her lunches without receiving pay.  Defendant denies this allegation.  To the extent that Plaintiff's claim for unpaid wages is based on alleged conduct other than her allegedly working through her lunches without

receiving pay, Plaintiff's Complaint does not contain allegations providing Defendant with sufficient notice as to the basis of Plaintiff's claim.

Further, and without limitation, it is unclear from the allegations in Plaintiff's Complaint what time period for which Plaintiff is claiming unpaid overtime. It is also unclear what amount of hours for which Plaintiff is claiming she was not paid and/or the amount of damages she is seeking.

## FOURTH DEFENSE

If it is determined that Plaintiff's claims are not barred by the statute of limitations and Plaintiff is owed an amount greater than what was determined Plaintiff was owed as part of Defendant's self-audit and subsequent DOL Investigation, which was approved by the DOL, which Defendant expressly denies, Plaintiff is not entitled to liquidated damages on such amount(s) because any alleged acts or omissions by Defendant were in good faith and Defendant had reasonable grounds for believing that its conduct was not a violation of the FLSA. *See* 29 U.S.C. § 260; and 29 C.F.R. § 790.22.

## FIFTH DEFENSE

If it is determined that Plaintiff's claims are not barred by the statute of limitations and Plaintiff is owed an amount greater than what was determined Plaintiff was owed as part of Defendant's self-audit and subsequent DOL Investigation, which was approved by the DOL, which Defendant expressly denies, Defendant asserts that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll

Gail Dye v. Transition House
CASE NO.:  8:18-cv-1456-SDM-CPT

purposes, are de minimis and were properly disregarded for payroll purposes. *See* 29 C.F.R. § 785.47.

## SIXTH DEFENSE

If it is determined that Plaintiff's claims are not barred by the statute of limitations and Plaintiff is owed an amount greater than what was determined Plaintiff was owed as part of Defendant's self-audit and subsequent DOL Investigation, which was approved by the DOL, which Defendant expressly denies, Plaintiff is only entitled to receive half time pay for any overtime pay due her for hours worked above 40 hours per work week and for which she was already paid.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands, avoidable consequences, and/or laches to the extent that Plaintiff affirmatively misrepresented and/or failed to accurately report the hours worked or work performed, otherwise violated Defendant's policy(s), and/or unreasonably delayed in notifying Defendant of the amounts she claims she is owed and in the brining of this lawsuit.

In addition, and without limitation, upon becoming aware of the amount that was determined Plaintiff was owed by way of Defendant's self-audit and subsequent DOL investigation, which was approved by the DOL, Plaintiff waited an unreasonable amount of time, and more than two years after she last worked for Defendant, to file this lawsuit and subsequently notify Defendant of additional amounts she alleges she is owed.  Plaintiff

6

should not be permitted to lie in wait for such a period of time, and as such Plaintiff should be barred from bringing her claims in this lawsuit.

WHEREFORE, Defendant, THE TRANSITION HOUSE, INC., respectfully requests that this honorable Court enter judgment against Plaintiff, that Plaintiff's request for relief and any demand for any damages be denied in its entirety, that Defendant be awarded its reasonable attorneys' fees and costs to the extent it is entitled to same under the law, and that Defendant be granted any other relief the Court deems just and proper.

**DATED** this 25th day of June, 2018.

Respectfully Submitted,

*/s/CRAIG F. NOVICK*
Craig F. Novick, Esq.
Lead Trial Counsel
Florida Bar No.: 0026656
Susan T. Spradley
Florida Bar No.:  0818712
GRAY ROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (32802-3068)
Orlando, Florida  32801
Telephone:  (407) 843-8880
Facsimile:   (407) 244-5690
Craig.Novick@gray-robinson.com
Susan.Spradley@gray-robinson.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 25th day of June, 2018, the foregoing was electronically filed, on behalf of Defendant, The Transition House, Inc., with the Clerk of the Court which will send a notice of electronic filing to: Christina Thomas Mazaheri (cthomas@forthepeople.com) and Bernard R. Mazaheri (bmazaheri@forthepeople.com).

*/s/CRAIG F. NOVICK*
Craig F. Novick, Esq.

# 12492841 v2